USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/16/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

PEDRO MARQUEZ,

Defendant.

12-Cr-712 (SHS)

MEMORANDUM & ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

On June 19, 2014, the Court sentenced defendant Pedro Marquez to 120 months' incarceration after he pleaded guilty to one count of conspiracy to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. (J., ECF No. 483.) He is currently serving his sentence at the Federal Correctional Institution in Fort Dix, New Jersey (FCI Fort Dix). (Def.'s Mot. at 3, ECF No. 680.) Marquez now moves pro se for a sentence reduction under the compassionate-release statute, 18 U.S.C. § 3582(c)(1)(A). (Id. at 1.) That statute permits a district court to reduce a sentence of imprisonment if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). The government opposes the motion. (Gov't Opp'n at 1, ECF No. 683.)

A compassionate-release motion may be filed only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). Here, Marquez submitted a request to the warden of FCI Fort Dix on April 27, 2020. (Def's Mot. 11–12.) The government thus concedes that Marquez has exhausted his administrative remedies and may file a compassionate-release motion with this Court. (Gov't Opp'n at 4.)

For at least two reasons, however, Marquez's motion fails. First, he has not established extraordinary and compelling reasons for a sentence reduction. Marquez argues that his health conditions—which he describes as "severe asthma and [h]ypertension" and a "spinal cord injury"—"present sufficient reason to reduce his sentence under the statute." (Def.'s Mot. at 2.) The Court disagrees.

To begin with, there is no suggestion that Marquez suffers from either *severe* asthma or hypertension. His presentence investigation report indicated neither asthma nor hypertension, discussing only a broken foot and back issues stemming from a 2009 fall. (*See* PSR ¶ 95.) In a similar vein, Marquez's medical records from the Bureau of Prisons do not show that he suffers from hypertension. (*See* Gov't Opp'n at 5 n.2.) And those same records suggest that Marquez suffers only a mild form of asthma that rarely requires medication. (*See id.* at 6.) By comparison, the Centers for Disease Control and Prevention

has designated only "moderate-to-severe" asthma cases as presenting an increased risk for severe COVID-19 illness. *People of Any Age with Underlying Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html? (last updated June 25, 2020). Other courts have accordingly concluded that milder forms of asthma do not justify compassionate release. *See, e.g., United States v. Gonzalez*, No. 18-CR-141 (JGK), 2020 WL 3428137, at *3 (S.D.N.Y. June 23, 2020) ("The defendant's 'intermittent' asthma is not, in and of itself, an extraordinary and compelling reason for immediate release in light of the minimal risk it poses to the defendant for severe illness if the defendant were to contract COVID-19."); *United States v. Rodriguez*, No. 16-CR-167(LAP), 2020 WL 1866040, at *4 (S.D.N.Y. Apr. 14, 2020) (same).

Although the Court is sympathetic to Marquez's claim of severe back pain stemming from a prior lower back injury, that condition does not place Marquez at increased health risk from COVID-19. A health condition unrelated to COVID-19 cannot justify compassionate release based on the ongoing pandemic. *See United States v. Kovalienko*, No. 11-CR-106 (S-2) (RRM), 2020 WL 3840560, at *2 (E.D.N.Y. July 8, 2020) (finding no extraordinary and compelling reasons where a defendant's "other medical conditions . . . [did] not provide a basis for finding that she will be at any greater risk of serious illness or death were she to contract COVID-19"). Nor does Marquez's back condition establish, on its own, extraordinary and compelling reasons for a sentence reduction. The U.S. Sentencing Commission has provided that "a serious physical or medical condition" can justify a sentence reduction if that condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" and the defendant "is not expected to recover." U.S. Sent'g Guidelines Manual § 1B1.13 cmt. 1(A)(ii)(I) (U.S. Sent'g Comm'n 2018). Contrary to Marquez's assertions (*see* Def.'s Mot. at 2), his health records indicate that he is receiving treatment for his back condition and that he is still able to walk, albeit occasionally requiring assistance (*see* Gov't Opp'n at 8–9). Thus, at this time, the Court does not find that Marquez is unable to provide self-care.

Second, even if Marquez could establish extraordinary and compelling reasons for a sentence reduction, the Court cannot conclude that the section 3553(a) factors would favor such a reduction. As this Court noted recently, Marquez participated in "a massive drug-trafficking organization" that "distributed millions of dollars of crack cocaine and powder cocaine throughout New York City." *United States v. Davis*, No. 12-Cr-712 (SHS), 2020 WL 3790562, at *1 (S.D.N.Y. July 7, 2020); *see also id.* at *5 (denying compassionate release to one of Marquez's codefendants). Marquez, in particular, was responsible for supplying drugs to the organization, sourcing dozens of kilograms of cocaine. (PSR ¶ 37.) And notably, before the conduct at issue, Marquez had amassed a lengthy criminal record, having been repeatedly arrested for dealing drugs. (*Id.* ¶¶ 66–86.) Given the

seriousness of Marquez's conduct and his extensive criminal history, the applicable Sentencing Guidelines range was 168 to 210 months' incarceration. (*Id.* ¶ 108.)

Still, after considering Marquez's physical health—including his back condition discussed above—the Court sentenced him to 120 months' incarceration, far below the bottom of the Guidelines range. To date, Marquez has served only six years of that sentence, with a projected release date of January 9, 2023. The Court cannot conclude that the sentencing factors that justified Marquez's 120-month sentence—a sentence that already accounted for his health issues—would favor the substantial sentence reduction that Marquez now seeks.

For the reasons set forth above, Marquez has not established extraordinary and compelling reasons for a sentence reduction, and the section 3553(a) sentencing factors similarly do not favor a sentence reduction. Accordingly, IT IS HEREBY ORDERED that Marquez's motion for a sentence reduction is denied. A copy of this Order is being mailed to defendant Pedro Marquez [67875-054] at FCI Fort Dix, Federal Correctional Center, P.O. Box 2000, Joint Base MDL, NJ 08640.

Dated: New York, New York
July 15, 2020

SO ORDERED:

Sidney H. Stein, U.S.D.J.