UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

UNITED STATES OF AMERICA,

        v.

PEDRO MARQUEZ,

                     Defendant.

12-CR-712 (SHS)

OPINION & ORDER

------------------------------------------------------------

SIDNEY H. STEIN, U.S. District Judge.

    In mid-2014, this Court sentenced defendant Pedro Marquez to 120 months of incarceration after he pleaded guilty to one count of conspiracy to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. (J., ECF No. 483.) He is currently serving his sentence at the Federal Correctional Institution in Fort Dix, New Jersey ("FCI Fort Dix").

    Marquez filed a motion to reduce his sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), on June 19, 2020. (Def.'s Mot., ECF No. 680.) That statute allows a court to grant a sentence reduction upon a defendant's motion for "extraordinary and compelling reasons" after "considering the factors set forth in section 3553(a)." 18 U.S.C. § 3582(c)(1)(A). The Court denied Marquez' motion, holding that Marquez had failed to establish extraordinary and compelling reasons for a sentence reduction and that the section 3553(a) factors did not favor a sentence reduction. (Order, ECF No. 685.) Marquez now moves for reconsideration of the Court's denial of that motion. (Def.'s Mot., ECF No. 706.)

    In support of his motion for reconsideration, Marquez renews his argument that "extraordinary and compelling reasons" warrant a sentence reduction in his case. He notes that the infection rate at Fort Dix has "skyrocketed" since the Court's denial of his June motion for compassionate release and that "the conditions [at Fort Dix] make it impossible for [Marquez] to take measures to protect himself in order to avoid becoming infected." (Def.'s Mot. at 6, 10, ECF No. 706.)

    The number of COVID-19 cases at Fort Dix is indeed concerning. The Bureau of Prisons reports that 120 inmates out of the 2,729 inmates at Fort Dix are currently positive for COVID-19, *COVID-19 Cases*, Fed. Bureau Prisons, https://www.bop.gov/coronavirus/ (last updated Jan. 19, 2020); courts in this district have noted that "[c]onditions at [Fort Dix] appear to present serious risks both of spread of the virus and of inadequate medical care for those who have been infected." *United States v. Rodriguez*, No. 16-CR-07, 2020 WL 7640539, at *4 (S.D.N.Y. Dec. 23, 2020). Considering these conditions, courts have found that "extraordinary and compelling reasons" warrant a sentence reduction for certain defendants

incarcerated at Fort Dix who suffer from pre-existing medical conditions recognized by the CDC to present an increased risk of severe illness from COVID-19. *See United States v. Tazewell*, No. 7-CR-1035, 2021 WL 21980, at *4-6 (S.D.N.Y. Jan. 3, 2021) (granting compassionate release to Fort Dix inmate with hypertension, high blood pressure, high cholesterol, and sickle cell disease); *United States v. Fernandez*, No. 12-CR-844-9, 2020 WL 7647459, at *3-4 (S.D.N.Y. Oct. 14, 2020) (granting compassionate release to Fort Dix inmate with hypertension and diabetes).

Although the Court, in its denial of Marquez' June motion for compassionate release, found that his preexisting medical conditions—mild asthma, hypertension, and back pain—did not place him at risk of severe illness from COVID-19, *see* Order, ECF No. 685, Marquez now adds that he suffers from obesity and contends that his BMI is approximately 32 kg/m$^2$. (Def.'s Mot. at 3-5, ECF No. 706.) Assuming the accuracy of that BMI number, Marquez' BMI may indeed place him at increased risk for severe illness from COVID-19. *See* People at Increased Risk for Severe Illness, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last updated Dec. 29, 2020) (identifying overweight persons as those who "might be at an increased risk for severe illness from . . . COVID-19").

Regardless of whether Marquez' alleged obesity, in conjunction with the conditions at Fort Dix, constitute "extraordinary and compelling reasons" for granting a sentence reduction, the Court must also find that "the factors set forth in section 3553(a)" favor such a reduction. 18 U.S.C. § 3582(c)(1)(A). These factors mandate consideration of, *inter alia*, "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," as well as "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." 18 U.S.C. § 3553(a)(2)(A), (a)(4)(A).

As the Court noted in its denial of Marquez' June motion for compassionate release, the section 3553(a) factors do not favor a sentence reduction in this case. Marquez had participated in "a massive drug-trafficking organization" that "distributed millions of dollars of crack cocaine and powder cocaine throughout New York City." *United States v. Davis*, No. 12-CR-712, 2020 WL 3790562, at *1 (S.D.N.Y. July 7, 2020). Marquez himself "was responsible for supplying drugs to the organization, sourcing dozens of kilograms of cocaine." *United States v. Marquez*, No. 12-CR-712, 2020 WL 4016840, at *2 (S.D.N.Y. July 16, 2020). Moreover, the Court sentenced Marquez to 120 months' incarceration—far below the recommended guidelines range of 168 to 210 months—and he has simply served approximately six and a half years of that sentence to date. *See id.*

Accordingly, IT IS HEREBY ORDERED that Marquez' motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) is denied. The Court directs the Clerk of Court to mail a

copy of this Order to defendant at: Pedro Marquez [67875-054], FCI Fort Dix, Federal Correctional Institution, P.O. Box 2000, Joint Base MDL, NJ 08640.

Dated: New York, New York
January 20, 2021

SO ORDERED

*[signature]*

SIDNEY H. STEIN
U.S.D.J.